# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 24, 2018

156309

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ALEX JAY ADAMOWICZ,
      Defendant-Appellant.

SC: 156309
COA: 330612
Oakland CC: 2014-251162-FC

_____/

On order of the Court, the application for leave to appeal the June 22, 2017 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE Part II of the Court of Appeals judgment titled, "Ineffective Assistance of Counsel," and we REVERSE in part and VACATE in part Part II of the Court of Appeals judgment titled, "Prosecutorial Error."

With respect to the defendant's claim of ineffective assistance of counsel, we determine that the development of a factual record is required for appellate consideration. See MCR 7.305(C)(8); MCR 7.211(C)(1)(a)(ii). With respect to the defendant's claims of prosecutorial error, contrary to the Court of Appeals' conclusion, the prosecutor erred by asking the jury to consider the defendant's "moral duty" to retreat from his own dwelling in relation to his self-defense claim. Asking a jury to consider a defendant's "moral duty" to retreat is inconsistent with the Self-Defense Act (SDA), MCL 780.971 *et seq.*, legally irrelevant to such a claim, and creates a danger of confusion of the issues. See MRE 401; MRE 403. The prosecutor also erred by eliciting testimony and presenting argument regarding the defendant's retrospective assessment of his ability to retreat, where it was undisputed that the defendant had no duty to retreat. "It is universally accepted that retreat is not a factor in determining whether a defensive killing was necessary when it occurred in the accused's dwelling." *People v Riddle*, 467 Mich 116, 134 (2002). In a self-defense claim, the accused's conduct is judged according to how the circumstances appeared to him at the time he acted. See e.g., *Pond v People*, 8 Mich 150, 169 (1860). Thus, the prosecutor's questioning and argument in this regard were legally irrelevant and created a danger of confusion of the issues. See MRE 401;

MRE 403. We recognize that the Court of Appeals assumed, without deciding, that the prosecutor erred and determined that the defendant had nevertheless failed to demonstrate that the errors affected the outcome of his trial. However, given the significance of the prosecutor's errors identified in this order, we VACATE the Court of Appeals' prejudice analysis and REMAND for reconsideration of whether the prosecutorial errors constituted plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763 (1999).

On remand, while retaining jurisdiction, the Court of Appeals shall remand this case to the Oakland Circuit Court to conduct an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436 (1973), to determine whether the defendant was deprived of his right to the effective assistance of counsel with respect to the failure to call an expert witness and the failure to object to the prosecutor's errors identified above. At the conclusion of the hearing, the circuit court shall forward the record and its findings to the Court of Appeals, which shall then resolve the issues presented by the defendant.

In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2018



Clerk

a1017